*G. A. Davis* for plaintiff.

*Magoon & Peters* and *J. Lightfoot* for defendant.

---

## IN RE THE GUARDIANSHIP OF KALUA KAPUKINI, a Spendthrift.

### MOTION FOR RE-HEARING.

SUBMITTED JUNE 10, 1902.     DECIDED JULY 9, 1902

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Where no error is pointed out in the former decision and no sufficient reason given for reopening the cause the motion for re-argument and request for modification of the decision will be denied.

### OPINION OF THE COURT BY GALBRAITH, J.

Counsel filed motion and petition for re-argument and review of the decision filed in this cause on May 7th, 1902, (*ante* p. 204). When called for hearing he stated that he had that day received instruction from his client, Kalua Kapukini, to the effect that she did not desire a re-hearing but wished to continue under guardianship; after expressing surprise both at this instruction and the manner of its coming to him he said that he wished to withdraw from the cause but in so doing would request the court to modify the decision in certain respects and to order certain advances made by him on behalf of the ward paid out of her estate.

This court in this proceeding, on the mere suggestion of counsel, can scarcely be expected to look into and pass upon the conduct of counsel out of the presence of the court. There are recognized methods of bringing such matters before the court but this is not one of them.

The order referred to allowing counsel fees of $500 for alleged services rendered in a former proceeding was not appealed from as it might have been by either the guardian or the ward or her counsel and was not before the court at the former hearing nor would it be before us for review if a re-argument were granted.

The affidavits whereby counsel wishes to show that he had voluntarily reduced his fee from $2,500 to $1,500 were before the court—having been admitted and filed the same day the trust deed was, i. e., March 7th, 1902. It did not occur to the court then nor does it appear now how the fact set out in the affidavits would affect the conclusion announced in the former decision except to strengthen it.

The trust deed so far as it was considered was held to support the conclusion that the finding of the trial judge that Kalua was competent to transact her own business was erroneous and that it tended to prove that she was improvident and was likely to part with her property without full consideration. The fact that counsel voluntarily relinquished, (or intended to do so) one-half or two-fifths of the amount of the fee she agreed to pay him for his services most certainly confirms the correctness of our conclusion.

Application should be made to the Circuit Judge for allowance of any advances or other proper payments made by counsel for Kalua. This court passes upon such matters on appeal and not in the first instance.

Counsel having failed to point out any error in the former decision or to show satisfactory cause for modifying the same the motion and request are denied.

*Thomas Fitch* for motion.

*J. Alfred Magoon* contra.